**Margo D. BREWER, Plaintiff-Appellant,**

v.

**Edward F. WEGMANN, in his official capacity, and the Louisiana Bar Association, Defendants-Appellees.**

**No. 81–3732**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1982.

Shelby Tucker, New Orleans, La., Jimmy Grimes, Sr., Brian J. Waid, Bayani Virata Faylona, New Orleans, La., for plaintiff-appellant.

Carl J. Barbier, New Orleans, La., for defendants-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The plaintiff Brewer, who failed a Louisiana bar examination, appeals from the dismissal of her complaint. Her essential complaint is that unconstitutional denial of due process results when the examining bar association, by destroying examinations after grading, does not afford one who claims unfair grading to examine her own bar examinations even to verify that it is in fact the one written by her and not one mistakenly attributed to her. Finding that prior circuit decisions require rejection of her contention, we affirm.

Brewer, who took the bar examination administered by the Louisiana State Bar Association in July 1981, filed suit against Wegmann, Chairman of the Bar Admissions Committee of the Association, which is charged with administering the bar examination and admission procedures. Brewer's initial complaint, filed in October 1981, urged that she was denied due process and equal protection, in that her bar examination had been arbitrarily and capriciously graded. The suit was dismissed, after hearing, at which it was developed that all July 1981 bar examination papers had been destroyed.

In dismissing the complaint, the district court noted that a decision by a three-judge court had specifically rejected the contention that the destruction of examination papers and the failure of the association to provide a review procedure for non-passing papers does not offend due process. *Single-*

ton v. Louisiana State Bar Ass'n, 413 F.Supp. 1092, 1098–1100 (E.D.La.1976). This decision is in accord with Tyler v. Vickery, 517 F.2d 1089, 1103–05 (5th Cir. 1975), which held that—balancing the various interests involved—due process is not offended by a bar-examination procedure that does not allow failing applicants to secure review of a determination that the applicant has failed, "primarily because an unqualified right to retake the examination at its next regularly scheduled administration both satisfies the purpose of a hearing and affords it protection." 517 F.2d at 1103. See generally Annot., Attorneys—Bar Exam—Review, 39 A.L.R.3d 719 (1971).

These decisions are determinative, adversely to the plaintiff Brewer, of the contentions raised by her. Post-examination access to the bar examination papers, and opportunity to secure review of the fairness of the grade, have thus been held by decisions of this circuit not to be process that is due to unsuccessful applicants.

The plaintiff Brewer relies upon Parrish v. Board of Com'rs of the Alabama State Bar, 533 F.2d 942 (5th Cir. 1976). The decision is inapplicable to the issues before us. The decision merely held that, under broad discovery principles, the denial of discovery and grant of summary judgment by the district court was improvident "without having first required the defendants to make available for inspection as requested by the plaintiffs the examination papers and graders' notes, if any, for the year 1973." Here, pretermitting that no discovery was sought, the record reveals that all July 1981 bar-examination papers were destroyed prior to the time suit was filed.

Finding no error in the district court's dismissal of the suit, we AFFIRM its judgment.

AFFIRMED.